# United States Court of Appeals for the Fifth Circuit

---

No. 23-60117
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 20, 2023

Lyle W. Cayce
Clerk

Sukhmaan Singh,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 191 787

---

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Sukhmaan Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) denying his motion to reopen. He contends the BIA erred by: determining he failed to demonstrate changed country conditions; and failing to recognize the nexus between the changed country conditions and his fear of persecution.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60117

The BIA's denial to reopen is reviewed understandably under a highly deferential abuse-of-discretion standard. *E.g.*, *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018) (outlining standard of review). Its decision will not be disturbed unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Id.* (citation omitted). "[T]o prevail on a motion to reopen alleging changed country conditions where the persecution claim was previously denied based on an adverse credibility finding in the underlying proceedings, the respondent must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible". *Matter of F-S-N-*, 28 I. & N. Dec. 1, 3 (BIA 2020) (denying motion to reopen).

Singh fails to overcome the prior adverse credibility determination. In making it, the immigration judge (IJ) pointed out Singh gave inconsistent or conflicting information regarding: the nature of his affiliation with the Mann Party (Indian political party), several significant details about the first attack, and his parents' and brother's affiliation with the Mann Party. The BIA determined Singh's motion failed to address the IJ's adverse credibility determination underlying the denial of the prior application. Singh also does not attempt to address, before our court, the IJ's concerns regarding the inconsistencies in his testimony. Therefore, Singh fails to show the BIA's decision was "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Nunez*, 882 F.3d 505 (citation omitted).

Singh also fails in challenging the BIA's conclusion that he did not present a new claim independent from the evidence previously found not credible. *See F-S-N-*, 28 I. & N. Dec. at 3. Singh's motion to reopen required "new facts" and to "be supported by affidavits or other evidentiary

No. 23-60117

material". 8 U.S.C. § 1229a(c)(7)(B) (outlining content required for motions to reopen); 8 C.F.R. § 1003.2(c)(1) (outlining requirements for motions to reopen before BIA); *Nunez*, 882 F.3d at 508.

The "new" allegations presented in Singh's motion are: India passed the Indian Agricultural Acts of 2020 and widespread protests resulted. Singh's new allegations rely on his affiliation with the Mann Party and the alleged political persecution of its supporters—a continuation of his prior claim and not independent of the adverse credibility determination underlying the denial of the claim.

The evidence provided fails to prove a material change in country conditions in India compared to the time of his 2017 merits hearing. At most, the evidence shows "the continuation of a trend" or "incremental change". *Nunez*, 882 F.3d at 508–09 (holding neither sufficient to show changed country conditions).

DENIED.